UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23263-CIV-WILLIAMS/TURNOFF

**CONSENT CASE**

REYNA ISABEL TURCIOS MONTOYA   )
                                                              )
              Plaintiff,                              )
                                                              )
    vs.                                                   )
                                                              )
                                                              )
CHARLES HERINGTON                       )
DEBORAH HERINGTON                      )
                                                              )
              Defendants.                         )
_____)

**PLAINTIFF'S REPLY YO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion in Limine and states as follows in support thereof:

1. Plaintiff moved in limine to exclude reference or introduction of the following 3 issues:

    1) Exclude reference to attorney's fees and costs at trial.

    2) Exclude reference to liquidated damages at trial.

    3) Exclude the testimony of Defendants' expert witness, Lourdes Seda.

2. In their response, Defendants do not oppose the first two issues.

3. As it relates to excluding Defendants' expert witness, Lourdes Seda, Plaintiff has proffered three legitimate reasons for excluding said testimony; (1) Said disclosure of an expert witness was untimely; (2) said expert disclosure failed to comply with Fed. R. Civ. P. 26(a)(2)(B) by failing to provide Plaintiff with an expert report; and (3) Defendants' expert utilized the incorrect standard to be applied to the facts of the present case.

4. Defendants have not proffered any reason whatsoever for their untimely disclosure and attempt to sweep said violation under the rug by the fact that the Court allowed said testimony for ruling on summary judgment only. Defendants have never demonstrated to the Court that allowing said expert to testify was justified or harmless. The only explanation offered by Defendants as to their untimely disclosure is contained in docket entry 70 page 7:

> This Court should exercise its broad discretion under Rule 37 and deny Plaintiff's Motion to Strike Expert Witness Lourdes Seda because Defendants were not met with the need to obtain an expert witness on the issue of the value of the lodging provided to Plaintiff until the Plaintiff moved for partial summary judgment on that issue. Defendants did not know they would be using Lourdes Seda as a witness at the time they served their initial disclosures and responses to interrogatories, or prior to the close of expert discovery on August 1, 2014.

It is Defendants that pled said affirmative defense, not Plaintiff. Plaintiff only moved for summary judgment because Defendants pled said affirmative defense. Plaintiff moving for summary judgment on an issue pled by Defendants is not a justifiable reason for an untimely disclosure. Furthermore, said explanation alone is intrinsically laced with prejudice. Instead of addressing the unfair prejudice against Plaintiff or the absence of a justifiable reason for the late disclosure, Defendants focus on the fact that the Court allowed Defendants to get away with said flagrant violation at the summary judgment stage, and further request that the Court compound said prejudice by allowing Defendants to present said testimony at trial. However, as Defendants have not offered a justifiable reason for said untimely disclosure, nor could Defendants dispute the unfair prejudice cause by said untimely disclosure, said expert witness must be stricken and prevented from testifying at trial.

5. Defendants further fail to explain why they never provided Plaintiff's Counsel with an expert report as required by Fed. R. Civ. P. 26(a)(2)(B). Instead, Defendants state that the expert's declaration and testimony are sufficient for Plaintiff to prepare for trial. Defendants continue to take this position despite the expert's failure to articulate in her testimony or declaration as to the precise method used in making her determination. No doubt, at the time of trial, said expert will be prepared by Defendants' Counsel to testify as to the precise method of her calculations. This is something that would ordinarily be contained in an expert report. However, no expert report was ever prepared and the witness was unable to testify at her deposition as to the precise method used in coming to her conclusions. See *Acosta v. Electrolux North Am.*, 2008 U.S. Dist. LEXIS 103633, 13-14 (S.D. Fla. Dec. 16, 2008) stating "[a]dditionally, an expert report must be complete 'such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and[,] thus[,] to conserve resources." *Dyett,* 2004 U.S. Dist. LEXIS 30473, 2004 WL 53220630 at* 1 (citing *Salgado,* 150 F.3d at 742 n.6; *Sylla-Sawdon*, 47 F.3d at 284). Defendants do not dispute that they failed to comply with this Court's Order and Fed. R. Civ. P. 26(a)(2)(B), but simply request that the Court allow Plaintiff's Counsel to keep guessing as to what Defendants' expert will testify too at trial. Defendants request is nothing short of requesting that the Court allow Plaintiff to enter into a trial by ambush. The Court should not grant said request and should preclude said expert from testifying at trial.

6. Defendants next contend that their expert is indeed using the correct standard. In support thereof, Defendants rely on 29 U.S.C. 203(m) and *Herman v. Collis Foods, Inc.,* 176 F.3d

912 (6th Cir. 1999) for the proposition that Defendants need not keep any records and that the standard is the reasonable value of the lodging and not the actual costs. However, the *Herman* Court did not deal with the cost of lodging, and was asked to address whether a corporation could take a meal credit against the wages paid to the employees. "The parties agree that the facts of this case are not in dispute, and that the sole issue before this court is the legal question of whether the FLSA permits Collis Foods to deduct the average cost of a meal from every employee's paycheck on a per-shift basis." *Herman v. Collis Foods, Inc.,* 176 F.3d 912, 916 (6th Cir. 1999). However, the Court did not find that Defendants could carry its burden without producing any records, as Defendants request in the present case. Rather, the Court found that the records produced by Defendants were sufficient for the Court to determine the reasonable cost.

> There is no dispute that Collis Foods showed the meal-credit deduction on the weekly paycheck of each of its employees. The company also maintained records of the cost of all of the food it purchased, whether such food was for consumption by employees or by customers. Such records were made available to the Secretary and were used by McCarthy, the expert witness who prepared a report supporting the meal-credit plan.

*Herman v. Collis Foods, Inc.,* 176 F.3d 912, 919 (6th Cir. 1999).

> Although employers are not required to account for each and every food item offered to or accepted by their employees, the burden of proving that a deduction from wages represents the reasonable cost of the meals furnished is on the employer. *See New Floridian Hotel,* 676 F.2d at 475. "[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the record-keeping provisions of the FLSA," does not satisfy this burden of proof. *See id.* As noted above, however, Collis Foods has complied with the record-keeping provision of the FLSA

*Herman v. Collis Foods, Inc.,* 176 F.3d 912, 920 (6th Cir. 1999). In the present case, the meal credit deductions or deductions for lodging, was not present on Plaintiff's check nor did Defendants maintain a single record of any of these costs.

Defendants, focus on 29 U.S.C. 203(m) is misplaced. While Defendants feel the need the emphasize certain portions of the statute, they fail to emphasize the specific portions of the statute that specially states "actual cost."

> "Wage" paid to any employee includes the **reasonable cost**, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: *Provided*, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: *Provided further*, That the Secretary is authorized to determine the **fair value** of such board, lodging, or other facilities for **defined classes of employees** and in defined areas, based on **average cost** to the employer or to groups of employers similarly situated, or **average value** to groups of employees, or other **appropriate measures of fair value**. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee. In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to-

29 U.S.C. § 203(m).

In *Herman v. Collis Foods, Inc.*, the Court dealt with a defined class of employees who all had meal deductions taken from their pay, regardless if they took part in the meals offered each day. The present case does not deal with a class of employees. However, in order o shed light on when the actual cost is used compared to the reasonable value, one must look at the Code of Federal Regulations, particularly 29 C.F.R. § 531.3(c)[1]

> (c) Except whenever any determination made under § 531.4 is applicable, the "reasonable cost" to the employer of furnishing the employee with board, lodging, or other facilities (including

---

[1] (a) The term reasonable cost as used in section 3(m) of the Act is hereby determined to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees.
(b) Reasonable cost does not include a profit to the employer or to any affiliated person.

> housing) is the cost of operation and maintenance including adequate depreciation plus a reasonable allowance (not more than 5 1/2 percent) for interest on the depreciated amount of capital invested by the employer: *Provided*, **That if the total so computed is more than the fair rental value (or the fair price of the commodities or facilities offered for sale),** the fair rental value (or the fair price of the commodities or facilities offered for sale) shall be the reasonable cost. The cost of operation and maintenance, the rate of depreciation, and the depreciated amount of capital invested by the employer shall be those arrived at under good accounting practices. As used in this paragraph, the term "good accounting practices" does not include accounting practices which have been rejected by the Internal Revenue Service for tax purposes, and the term "depreciation" includes obsolescence.

29 C.F.R. § 531.3(c).

As noted by the CFR, the fair rental value only comes into place if the actual cost is higher than the actual rental value. However, in order to determine whether the actual cost is higher than the rental value, one must know the actual costs. If the costs are lower than the fair rental value, it is the costs that are factored and not the fair rental value. In the present case, said expert was first required to determine the actual cost before determining the fair rental value of the property. As said expert did not apply the correct standard and could not testify regarding the cost, said expert should be precluded from testifying at trial.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and preclude Lourdes Seda from testifying at trial.

Respectfully Submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: DanielFeld.Esq@gmail.com

By:_/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar Number: 0037013

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion In Limine was sent via CM/ECF to William Steven Adams, Esq., Jones & Adams, P.A., 9155 South Dadeland Blvd., Suite 1506, Miami, Florida 33156, Fax: (305) 270-6778, Email: steven@jones-adams.com on this 2nd day of January 2015.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: DanielFeld.Esq@gmail.com

By:_/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar Number: 0037013